# EXHIBIT A

RETURN DATE: AUGUST 18, 2020      :      SUPERIOR COURT

LINDA D. KELLOGG      :      J.D. OF NEW LONDON

V.      :      AT NEW LONDON

HOP ENERGY, LLC      :      JULY 16, 2020

## COMPLAINT

The Plaintiff, Linda D. Kellogg, by her counsel, Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, complaining of the Defendant herein, respectfully brings this action to remedy discrimination on the basis of age and disability in the terms and conditions of employment, and alleges as follows:

1.      Plaintiff, Linda D. Kellogg, resides at 40 Sholes Avenue, Norwich, Connecticut. Plaintiff's date of birth is July 16, 1950 (now age 70).

2.      Defendant, HOP Energy, LLC, is a Delaware corporation with its principal place of business located at 4 West Red Oak Lane, Suite 310, White Plains, New York.

3.      Defendant's Agent for Service, identified by the Connecticut Secretary of State, is Corporation Service Company, 100 Pearl Street, 17th Floor, MC-CSC1, Hartford, Connecticut 06103.

4.      At all times relevant to the allegations in this Complaint, Defendant was engaged in interstate commerce selling heating oil throughout the northeastern United States, upon information and belief, in contiguous states from Vermont down to Delaware: including

{!02014067.DOCX; v.} 1

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

Vermont, Massachusetts, Connecticut, Rhode Island, New York, New Jersey, Pennsylvania, and Delaware.

5.     Upon information and belief, at all times relevant to the allegations in this Complaint, Defendant had more than 100 employees in the State of Connecticut.

6.     Defendant employed Plaintiff from 1997 (age 47) until 2002, when she resigned.

7.     Defendant, by Geoffrey Smith, rehired Plaintiff (age 60) in March 2011 as an Outside Sales Representative, Energy Sales.

8.     At all times since her rehire in March 2011, Plaintiff worked remotely "on the road" and from her home office at her residence.

9.     In or about June 2016, Laure Cicchelli, Senior Vice President of Sales and Marketing, assigned Plaintiff from the position of Outside Sales Representative to the position of Telesales Representative, assigning her the title and responsibilities of Telesales Representative.

10.     Despite the change of title and responsibilities in or about July 2016, and her assignment to DDLC on Bank Street in New London, Connecticut as her "home-base," Plaintiff continued to work remotely "on the road" and from her home office at her residence.

11.     The demands (i.e. terms and conditions) of the job were such that the work was to be performed out of Plaintiff's home.

12.     At all relevant times subsequent to approximately May 2017, Plaintiff worked approximately thirty (30) hours per week.

13.     At some point between July 2016 and July 2018, Plaintiff's position was retitled Energy Sales Specialist but nothing changed in the terms and conditions, or duties and responsibilities, of the position.

14.     Over time, between approximately 2016 and 2018, the employees in decision-making, managerial roles over the Plaintiff changed from being employees of older ages to much younger employees, approximately in their "thirties."

15.     Upon information and belief, Plaintiff asserts that despite being only a thirty (30) hour per week employee, her sales numbers, as well as the sales numbers for the other older sales representative (e.g. "Ed"), rendered them to be the top in sales numbers despite working remotely and fewer hours.

16.     At no time during her employment with Defendant was Plaintiff ever informed that her sales numbers/quotas were not being met; she received no counseling, disciplinary action, or performance evaluation that indicated in any way that her performance of the job warranted any change in the position, particularly her ability to work remotely from her home.

17.     On or about October 28, 2017, Plaintiff fell ill and was diagnosed with peritoneal abscess, a condition that caused perforation of Plaintiff's bowel.

18.     The medical condition Plaintiff was diagnosed with affected her digestive system in a manner that substantially limited major life activities.

19.     Plaintiff was completely incapacitated and temporarily unable to work as a result of her condition for a period of more than twenty (20) weeks between October 2017 and June 2018.

20.     Plaintiff spoke with her direct supervisor, Joshua Smith (age 30s), as well as Rick Johnson, via telephone, in or about November 2017, regarding her disabling medical condition.

21.     As a result of this disabling medical condition, Plaintiff applied to Defendant for a medical leave of absence pursuant to Federal and State Family Medical Leave Acts, and was granted leave pursuant to such laws for sixteen (16) weeks.

22.     In or about February, 2018, Plaintiff had exhausted her leave entitlements under both Federal and State Family Medical Leave Acts (FMLA); however she was unable to return to work due to her temporarily disabling condition.

23.     After exhausting her FMLA entitlement, Plaintiff sought additional leave to allow her to continue to recover from complications arising with her temporarily disabling condition, so as to eventually return to work able to perform the essential functions of her position of Energy Sales Representative.

24.     Defendant granted Plaintiff's request for the additional leave necessary to allow her to recover, which was an accommodation of her temporarily disabling condition under Connecticut Fair Employment Practices Act ("CFEPA") and/or Americans with Disabilities Act

("ADA").  Plaintiff was unable to work from early April 2018 through approximately June 26, 2018.

26. On or about June 26, 2018, Plaintiff informed Defendant that she was able to return to work on or about July 9, 2018 from the extended leave of absence.

26. Defendant, through Joshua Smith, informed Plaintiff that she would not be able to return to her position on the same terms and conditions of employment in place when she required medical leave under the FMLAs or the extended leave as an accommodation; she either had to report to work in the East Hartford office, which constituted a substantial change in the terms and conditions of her position of seven years (requiring travel approximately 40 miles/40 minutes from her home), or be laid off.

27. Furthermore, Defendant, through Joshua Smith, also relayed to Plaintiff that she would not be provided her same hours (thirty hours) because they were overstaffed (her separation paperwork indicates overstaffed) but that she could reapply as a part-time seasonal employee, without the same benefits (i.e. three, soon to be four, weeks of vacation, health insurance) and seniority that she had as a 12 year employee of the company.

28. In or about July 2018, Plaintiff was laid off from her position of Energy Sales Specialist because she was not returned to her same or similar position following her leave as an accommodation.

{!02014067.DOCX; v.} 5

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

29.     Plaintiff filed a timely complaint with the Commission on Human Rights and

Opportunities ("CHRO") and the Equal Employment Opportunities Commission ("EEOC") on

November 12, 2018 and received a Release of Jurisdiction on April 20, 2020.

30.     Plaintiff timely files this Complaint within ninety (90) days of her receipt of the

Release of Jurisdiction and within two (2) years of the filing of her complaint, satisfying all

administrative pre-requisites to bringing this cause of action in court.


## COUNT ONE: AGE DISCRIMINATION IN VIOLATION OF CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT ("CFEPA")
### Conn. Gen. Stat. § 46a-60(b)(1)

1-30.   Plaintiff incorporates Paragraphs 1 – 30 of this Complaint into Count One,

making said paragraphs a part hereof, and further asserts the following:

31.     Defendant is an employer with three or more persons in its employ within the

meaning of Conn. Gen. Stat. §46a-51(10) and is subject to the CFEPA.

32.     Plaintiff is over the age of forty (40) and in a protected age class.

33.     Defendant discriminated against Plaintiff, targeting her and other older

employees, based on her age (67) at the time, when it substantially changed the working

conditions of her position, disallowing her ability to work remotely "on the road" and directing

her to work onsite in East Hartford, in violation of CFEPA.

34.     Upon information and belief, Defendant's scheme to eliminate customary remote work and direct employees to work onsite at a location of significant distance from their homes, forced older workers, such as the Plaintiff, out of their positions, which the Defendant promptly filled with substantially younger employees, in violation of CFEPA.

35.     Upon information and belief, Defendant treated certain individuals not of Plaintiff's older age more favorably, allowing them to work from remote locations other than East Hartford, despite their being members of Defendant's sales team, similarly situated in position to Plaintiff, in violation of CFEPA.

36.     On or about September 10, 2018, after her lay off in July 2018, Defendant, through Joshua Smith, contacted Plaintiff via telephone to offer her a seasonal position in East Hartford, which would have denied Plaintiff all of the benefits she had in her position at the time she took leave for her medical condition, including vacation based on years of service, and seniority that she had earned prior to the lay off.

37.     Defendant used the lay off to remove Plaintiff from her full-time sales representative position, to allow younger individuals to have the position.

38.     Transition from full-time sales representative to a seasonal sales representative is a demotion that results in a significant loss of pay via commissions and call-volume prioritization, in addition to the loss of benefits such as seniority, vacation, and health insurance.

39.     Attendance at a specific location of work (e.g. East Hartford office versus remote/home office) is not an essential function of Plaintiff's position, nor had it ever been; and other younger individuals were permitted to work remotely in the performance of the same job.

40.     Defendant's purported reasons for changing the terms and conditions of Plaintiff's position, directing Plaintiff to report to work in East Hartford, was pretext for age discrimination and not legitimate and nondiscriminatory.

41.     Plaintiff has suffered and will continue to suffer damages, including, but not limited to, past and future lost wages and fringe benefits, interest, emotional and psychological distress, loss of reputation, loss of earning capacity and loss of the ability to enjoy life's pleasures and activities.

## COUNT TWO: AGE DISCRIMINATION IN VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA"), 29 U.S.C. § 621 *et seq.*

1-30.     Plaintiff incorporates Paragraphs 1 – 30 of this Complaint into this Count Two, making them a part hereof, and further asserts the following:

31.     Defendant is an employee with twenty or more employees within the meaning of 29 U.S.C. § 630(b) and is subject to the ADEA.

32.     Plaintiff is over the age of forty (40) and in the protected class under ADEA.

33.     Defendant discriminated against Plaintiff, targeting her and other older employees, based on her age (67) at the time, when it substantially changed the working

conditions of her position, disallowing her ability to work remotely "on the road" and directing her to work onsite in East Hartford, which would create a significant hardship for the older employees, nearing retirement age, who lived significant distances from East Hartford and had been performing the job remotely for many years.

34.      This change effectively "forced" the Plaintiff and other similarly-situated older employees to choose between traveling significant distances to perform the same work they were performing at home, or be laid off (i.e. retired) for lack of work.

35.      Upon information and belief, Defendant's scheme to eliminate customary remote work and direct employees to work onsite at a location of significant distance from their homes, forced older workers, such as the Plaintiff, out of their positions, which the Defendant promptly filled with substantially younger employees, in violation of ADEA.

36.      Upon information and belief, Defendant treated certain individuals not of Plaintiff's older age more favorably, allowing them to work from remote locations other than East Hartford, despite their being members of Defendant's sales team, similarly situated in position to Plaintiff, in violation of ADEA.

37.      Upon information and belief, just weeks after Plaintiff was laid off purportedly for lack of work, a substantially younger female was given a full-time sales representative position (i.e. Plaintiff's position).

38.     Upon information and belief, additional younger part-time sales representatives were made full-time sales representatives in the weeks following Plaintiff's lay off, despite Plaintiff being told by Joshua Smith, that the call volumes just were not there to support Plaintiff as a full-time sales representative.

39.     Upon information and belief, in the weeks following Plaintiff's layoff, Defendant hired other substantially younger individuals as sales representatives but did not recall Plaintiff.

40.     Defendant's purported reasons for changing the terms and conditions of Plaintiff's position, directing Plaintiff to report to work in East Hartford, was pretext for age discrimination and not legitimate and nondiscriminatory.

41.     Plaintiff has suffered and will continue to suffer damages, including, but not limited to, past and future lost wages and fringe benefits, interest, emotional and psychological distress, loss of reputation, loss of earning capacity and loss of the ability to enjoy life's pleasures and activities.

## COUNT THREE: DISABILITY DISCRIMINATION IN VIOLATION OF CFEPA, Conn. Gen. Stat. § 46a-60(b)(1)

1-30.   Plaintiff incorporates Paragraphs 1 – 30 of this Complaint into this Count Three, making them a part hereof, and further asserts the following:

31.     From October 28, 2017 through approximately July 9, 2018, Plaintiff suffered from symptoms of a physical disability: peritoneal abscess with bowel preforation.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

32.     During such time period, Plaintiff was able to perform the essential functions of
her position with reasonable accommodation: a temporary leave of absence for recovery of the
symptoms.

33.     At the conclusion of leave as a reasonable accommodation, on or about July 9,
2018, Plaintiff was able to perform the essential functions of her position.

34.     In or about May 2018, while Plaintiff was out on leave recovering from her
condition, Defendant announced a substantial change to the terms and conditions of Telesales
Representative positions, which purportedly affected Plaintiff's position (i.e. work onsite in East
Hartford); however, the changes to the terms and conditions of Plaintiff's position were imposed
upon Plaintiff but were not imposed upon all other similarly-situated employees who were not
disabled and/or did not require accommodations, in violation of CFEPA.

35.     Attendance at a particular worksite was never an essential function of Plaintiff's
position.

36.     Other similarly-situated non-disabled employees of the Plaintiff's sales team were
permitted to work remotely in their positions, not in East Hartford, but at their homes or
locations much closer to their homes than East Hartford was to Plaintiff's home.

37.     Defendant's purported reasons for changing the terms and conditions of Plaintiff's
position, directing Plaintiff to report to work in East Hartford, was pretext for disability
discrimination and not legitimate and nondiscriminatory.

38.     Plaintiff has suffered and will continue to suffer damages, including, but not limited to, past and future lost wages and fringe benefits, interest, emotional and psychological distress, loss of reputation, loss of earning capacity and loss of the ability to enjoy life's pleasures and activities.

## COUNT FOUR: DISABILITY DISCRIMINATION IN VIOLATION OF AMERICANS WITH DISABILITIES ACT ("ADA"), 42 U.S.C. § 12101 *et seq.*

1-30.   Plaintiff incorporates Paragraphs 1 – 30 of this Complaint into this Count Four, making them a part hereof, and further asserts the following:

31.     Defendant is an employer with fifteen or more employees within the meaning of 42 U.S.C. §12111(5) and is subject to the ADA.

32.     At all relevant times to this Complaint, Plaintiff was a qualified individual with a physical disability affecting her digestive system: peritoneal abscess with a perforated bowel.

33.     Such condition was substantially limiting of certain major life activities of Plaintiff, including but not limited to the major life activity of working.

34.     At all times relevant to this Complaint, Plaintiff had been performing her position of Energy Sales Representative for approximately seven (7) years and had never been given any indication that she was not satisfactorily performing the position.

35.     Upon information and belief, before Plaintiff became disabled, Plaintiff's sales numbers were exceptional and exceeded any sales quotas imposed upon her.

36.     Plaintiff had all requisite knowledge, skills and abilities necessary to perform the position of Energy Sales Representative for the Defendant.

37.     Plaintiff had been employed by the Defendant in sales positions similar to the position she held prior to taking leave for approximately 12 years, total.

38.     Plaintiff required leave as a reasonable accommodation from the Defendant to allow her to fully recover from her physical disability, which the Defendant provided after Plaintiff exhausted her entitlement under the FMLA to sixteen (16) weeks of leave.

39.     At the conclusion of leave as a reasonable accommodation, on or about July 9, 2018, Plaintiff was able to perform the essential functions of her position.

40.     In or about May 2018, while Plaintiff was out on leave recovering from her condition, Defendant announced a substantial change to the terms and conditions of Telesales Representative positions, which purportedly affected Plaintiff's position (i.e. work onsite in East Hartford); however, the changes to the terms and conditions of Plaintiff's position were imposed upon Plaintiff but were not imposed upon all other similarly-situated employees who were not disabled and/or did not require accommodations, in violation of CFEPA.

41.     Other similarly-situated non-disabled employees of the Plaintiff's sales team were permitted to work remotely in their positions, not in East Hartford, but at their homes or locations much closer to their homes than East Hartford was to Plaintiff's home.

{I02014067.DOCX; v.} 13

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320    TEL. (860) 442-4416    JURIS NO. 62114

42.     Attendance at a particular worksite was never an essential function of Plaintiff's position.

43.     Defendant's purported reasons for changing the terms and conditions of Plaintiff's position, directing Plaintiff to report to work in East Hartford, was pretext for disability discrimination and not legitimate and nondiscriminatory.

40.     Plaintiff has suffered and will continue to suffer damages, including, but not limited to, past and future lost wages and fringe benefits, interest, emotional and psychological distress, loss of reputation, loss of earning capacity and loss of the ability to enjoy life's pleasures and activities.

## COUNT FIVE: FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF CFEPA, Conn. Gen. Stat. §46a-60(b)(1)

1-30.   Plaintiff incorporates Paragraphs 1 – 30 of this Complaint into this Count Five, making them a part hereof, and further asserts the following:

31.     Defendant is an employer with three or more persons in its employ within the meaning of Conn. Gen. Stat. §46a-51(19) and is subject to the CFEPA.

32.     At all times relevant to this Complaint, Plaintiff had been performing her position of Energy Sales Representative for approximately seven (7) years and had never been given any indication that she was not satisfactorily performing the position.

33.     Upon information and belief, before Plaintiff became disabled, Plaintiff's sales numbers were exceptional and exceeded any sales quotas imposed upon her.

34.     Plaintiff had all requisite knowledge, skills and abilities necessary to perform the position of Energy Sales Representative for the Defendant.

35.     Plaintiff had been employed by the Defendant in sales positions similar to the position she held prior to taking leave for approximately 12 years, total.

36.     Plaintiff required leave as a reasonable accommodation from the Defendant to allow her to fully recover from her physical disability, which the Defendant provided after Plaintiff exhausted her entitlement under the FMLA to sixteen (16) weeks of leave.

37.     On or about June 26, 2018, Plaintiff informed Defendant that she was able to return to work to perform the essential functions of her position at the conclusion of the extended leave (beyond the FMLA protected leave) provided to reasonably accommodate Plaintiff, on or about July 9, 2018.

38.     Defendant had changed the terms and conditions of Plaintiff's position while she was being accommodated on leave, imposing upon Plaintiff a change in work location of a significant travel distance for Plaintiff for no legitimate business purpose, upon her return to work.

39.     Attendance at a particular work location was not an essential function of Plaintiff's position.

40.     Defendant, upon learning of Plaintiff's impending return to work, did not return Plaintiff to the same or equivalent position, but instead directed her to a position with substantially different terms and conditions of employment or, alternatively, stated it would lay her off.

41.     When Plaintiff informed Defendant that she was able to return from her leave, upon information and belief, she was informed that "unfortunately at this point, we do not have the call volume to support another sales rep.  With that being the case we will proceed with the layoff in which you would be eligible for unemployment compensation benefits" or words to that effect.

42.     Upon information and belief, Defendant also stated "As for the busy season, I cannot guarantee that we will bring on seasonable sales reps this year, but if we do and you would like to apply and are able to work from the East Hartford office, then you will definitely be considered" or words to that effect.

43.     Defendant ultimately laid Plaintiff off on or about July 9, 2018.

44.     In failing to return Plaintiff to the same or equivalent position she held immediately prior to her leave of absence as a reasonable accommodation upon her return, Defendant failed to provide Plaintiff with the reasonable accommodation of leave needed to accommodate Plaintiff's disability, in violation of CFEPA.

45.     Plaintiff has suffered and will continue to suffer damages, including, but not limited to, past and future lost wages and fringe benefits, interest, emotional and psychological distress, loss of reputation, loss of earning capacity and loss of the ability to enjoy life's pleasures and activities.

**COUNT SIX: FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF ADA, 42 U.S.C. §12101 *et seq.***

1-30.   Plaintiff incorporates Paragraphs 1 – 30 of this Complaint into this Count Six, making them a part hereof, and further asserts the following:

31.     Defendant is an employer with fifteen or more employees within the meaning of 42 U.S.C. §12111(5) and is subject to the ADA.

32.     At all times relevant to this Complaint, Plaintiff had been performing her position of Energy Sales Representative for approximately seven (7) years and had never been given any indication that she was not satisfactorily performing the position.

33.     Upon information and belief, before Plaintiff became disabled, Plaintiff's sales numbers were exceptional and exceeded any sales quotas imposed upon her.

34.     Plaintiff had all requisite knowledge, skills and abilities necessary to perform the position of Energy Sales Representative for the Defendant.

35.     Plaintiff had been employed by the Defendant in sales positions similar to the position she held prior to taking leave for approximately 12 years, total.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320     TEL. (860) 442-4416     JURIS NO. 62114

36.     Plaintiff required leave as a reasonable accommodation from the Defendant to allow her to fully recover from her physical disability, which the Defendant provided after Plaintiff exhausted her entitlement under the FMLA to sixteen (16) weeks of leave.

37.     On or about June 26, 2018, Plaintiff informed Defendant that she was able to return to work to perform the essential functions of her position at the conclusion of the extended leave (beyond the FMLA protected leave) provided as a reasonable accommodation to Plaintiff, on or about July 9, 2018.

38.     Defendant had changed the terms and conditions of Plaintiff's position while she was being accommodated on leave, imposing upon Plaintiff a change in work location of a significant travel distance for Plaintiff for no legitimate business purpose, upon her return to work.

39.     Defendant, upon learning of Plaintiff's impending return to work, did not return Plaintiff to the same or equivalent position, but instead directed her to a position with substantially different terms and conditions of employment or, alternatively, stated it would lay her off.

40.     When Plaintiff informed Defendant that she was able to return from her leave, upon information and belief, she was informed that "unfortunately at this point, we do not have the call volume to support another sales rep.  With that being the case we will proceed with the

layoff in which you would be eligible for unemployment compensation benefits" or words to that effect.

41.     Upon information and belief, Defendant also stated "As for the busy season, I cannot guarantee that we will bring on seasonable sales reps this year, but if we do and you would like to apply and are able to work from the East Hartford office, then you will definitely be considered" or words to that effect.

42.     In accordance with the ADA, at the conclusion of leave as a reasonable accommodation, the Defendant was required to return the Plaintiff to the same or equivalent position.

43.     Defendant ultimately laid Plaintiff off on or about July 9, 2018.

44.     In failing to return Plaintiff to the same or equivalent position she held immediately prior to her leave of absence as a reasonable accommodation upon her return, Defendant failed to provide Plaintiff with the reasonable accommodation of leave needed to accommodate Plaintiff's disability, in violation of the ADA.

45.      Plaintiff has suffered and will continue to suffer damages, including, but not limited to, past and future lost wages and fringe benefits, interest, emotional and psychological distress, loss of reputation, loss of earning capacity and loss of the ability to enjoy life's pleasures and activities.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320    TEL. (860) 442-4416    JURIS NO. 62114

WHEREFORE, Plaintiff claims judgment against Defendant, and damages and equitable relief as follows:

1.    Award compensatory and punitive damages as allowed by statute;

2.    Award attorney's fees and costs, including expert witness expenses;

3.    Interest as allowed by statute;

4.    Grant plaintiff a trial by jury; and

5.    Grant such other and further relief as may be just and equitable.

Dated at New London, Connecticut this 16th day of July, 2020.


                                        PLAINTIFF
                                        LINDA D. KELLOGG

                                        By ___Kristi D. Kelly___
                                          Kristi D. Kelly
                                          Suisman, Shapiro, Wool, Brennan,
                                          Gray & Greenberg, P.C.

                                          Her Attorneys

RETURN DATE:  AUGUST 18, 2020     :     SUPERIOR COURT

LINDA D. KELLOGG     :     J.D. OF NEW LONDON

V.     :     AT NEW LONDON

HOP ENERGY, LLC     :     JULY 16, 2020

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00, exclusive of interest and costs of suit.

PLAINTIFF
LINDA D. KELLOGG

By _____

Kristi D. Kelly
Suisman, Shapiro, Wool, Brennan,
Gray & Greenberg, P.C.

Her Attorneys